[Civ. No. 5797. Second Appellate District, Division One.—April 25, 1928.]

MARION A. FOLSOM, Respondent, v. VIRGINIA B. BURNS et al., Defendants; C. W. CHAMBERLAIN, Appellant.

F. L. Richardson for Appellant.

Lewis J. Utt for Respondent.

HOUSER, J.—The action upon which the appeal herein is predicated was brought for the purpose of quieting title in the plaintiff to certain real property as against the claims of each of the several defendants therein named. With the exception of defendant Newton, none of the defendants appeared or in any manner contested the claim of plaintiff to ownership of the property in question. His claim depended upon an asserted lien created by virtue of a certain judgment. Since the filing of the appeal herein, appellant Newton has deceased and, by order of court, C. W. Chamberlain, as executor of the last will of said Newton, has been substituted in his place as appellant in this proceeding.

Based upon the evidence adduced on the trial of the action, the trial court made findings which, in substance, included the facts that all the allegations contained in the complaint were true, and that none of the allegations contained in the separate answer of defendant Newton was true; that at the time judgment was rendered, and for a long time prior thereto, plaintiff was the owner and in the possession of the real property in question; that on the twenty-first day of February, 1921, Virginia B. Burns was duly adjudicated a bankrupt in the district court of the United States for the southern district of California, and that Carl O. Retsloff was, and at all times since the commencement of the action has been, the duly appointed, qualified and acting trustee for the estate of said bankrupt; that the claims of Virginia B. Burns and Carl O. Retsloff as said trustee in bankruptcy, and A. E. Newton were without any right whatsoever and that neither of said defendants had any estate, right, title, or interest whatever in the property described in the complaint or any part thereof; that in said bankruptcy proceedings the said Virginia B. Burns disclaimed the ownership of any real property, and both she and her mother, Mrs. M. Agnes Matthews, denied in particular that Virginia B. Burns ever owned any interest in the property in question; that on March 7, 1921, defendant Newton recovered a judgment against defendant Virginia B. Burns, and that said judgment had never been satisfied, but that it did not constitute a valid or subsisting lien against the property described in the complaint; that on

the date that said judgment was rendered the title to said real estate did not stand in the name of said Virginia B. Burns, nor at that time nor ever did she have any right, title, or interest whatsoever therein or thereto. In effect the trial court further found that at a time prior to September 11, 1916, although the record title to the property originally stood in the name of Mrs. M. Agnes Matthews (the mother of plaintiff and her sister, Virginia B. Burns), nevertheless, as at the time the property was purchased plaintiff had paid more than two-thirds of the purchase price of said property, Mrs. Matthews was a trustee of plaintiff's interest therein; that thereafter, to wit: on September 8, 1922, for a good and valuable consideration, Mrs. Matthews caused the entire title to said property to vest in plaintiff; that at all times between September 11, 1916, and September 8, 1922, Mrs. Matthews was in the open, notorious, and exclusive possession of said premises as the owner thereof, and that thereafter plaintiff was in such possession—with all of which facts defendant Virginia B. Burns was entirely familiar; that on the eleventh day of September, 1916, the said Mrs. Matthews made a deed in which Virginia B. Burns was named as the grantee of the said property, but that said deed was never delivered—notwithstanding which latter fact, on September 17, 1923, it was duly recorded in the office of the county recorder of the county in which said property was situated; that at all times between September 11, 1916, and September 17, 1923—a period of over seven years—plaintiff paid all expenses of upkeep of said property, including all taxes levied thereon, together with all interest at the rate of seven per cent per annum which became due and payable on a promissory note in the sum of $1,500 secured by a mortgage on said property; that plaintiff also paid a promissory note for the sum of $100, together with interest thereon (also secured by a mortgage on the property in question), which money on September 11, 1916, Mrs. Matthews had borrowed on said property—all of which facts were within the knowledge of said defendant Virginia B. Burns; that during all of said period of time, although plaintiff and Virginia B. Burns were sisters and on friendly terms, said Virginia B. Burns permitted plaintiff to expend said sums of money and acquiesced in everything that plain-

tiff did with reference to said property, and at all times concealed from plaintiff the signing and existence of the said purported deed made to her by Mrs. Matthews, dated September 11, 1916, and otherwise kept plaintiff in complete ignorance of any claim asserted by defendant Virginia B. Burns against said real property throughout said entire period of time until the recordation of said void deed on September 17, 1923; that at all times after the purchase of the property by plaintiff and her mother, Mrs. Matthews, and up to the time the title was vested in plaintiff on September 8, 1922, plaintiff openly asserted to her sister Virginia B. Burns that plaintiff owned over two-thirds of said property; that plaintiff likewise informed her said sister that the said property was to belong in entirety to plaintiff upon the termination of a certain trust entered into by deed of Mrs. Matthews on April 2, 1920; that plaintiff likewise informed her sister Virginia B. Burns of the terms and conditions of an agreement between plaintiff and her mother, Mrs. Matthews, wherein and whereby plaintiff was to take title to the said property and to receive the interest of Mrs. Matthews therein, and told her said sister that it was agreed between her mother and plaintiff that plaintiff would devote her entire time to taking care of her mother in her sickness, as well as pay for all medical attendance, nursing, and extraordinary expenses, in consideration of plaintiff receiving the interest which her mother owned in said property; notwithstanding which, defendant Virginia B. Burns continued to conceal from plaintiff the existence of the deed made to her by her mother, and acquiesced in plaintiff's taking title to said property without calling the attention of plaintiff to any claim which Virginia B. Burns had therein.

Appellant's first specification of error is that on the trial of the action plaintiff should not have been permitted to give certain testimony. It appears that no objection was made by defendant to the introduction of such testimony at the time it was given. In such circumstances, in accordance with the long-established rule, it must be held that appellant may not for the first time raise the point on appeal from the judgment.

It is next urged by appellant that error was committed by the trial court in holding that the plaintiff was a

*bona fide* purchaser for value, without notice of the deed dated September 11, 1916, from Mrs. Matthews to Virginia B. Burns, and recorded on the seventeenth day of September, 1923. Inasmuch as the fact was found by the trial court that Virginia B. Burns never owned any interest in the property described in the pleadings, the question of whether plaintiff was a purchaser without notice becomes immaterial so far as appellant's claim is concerned.

It is finally suggested by appellant that the trial court erred in decreeing that the plaintiff was the absolute owner of the real estate described in the complaint and in quieting her title thereto against the lien of the judgment of defendant Newton; and that, at any rate, the court should have decreed that said Virginia B. Burns was the owner of an undivided one-third interest in said property subject to the judgment lien of defendant Newton. As hereinbefore indicated, the evidence introduced on the trial conclusively established the fact that plaintiff was the owner of the property which was the subject of the action, and that Virginia B. Burns never had any interest therein. As the asserted lien of the Newton judgment on said property depended entirely upon the assumed ownership of Virginia B. Burns therein, it follows that no error was committed by the trial court in reaching the conclusion that plaintiff was entitled to a decree quieting her title to the whole of the property in question.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.